IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN VALENTIN, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-1036 |
| | : | |
| TJX COMPANIES, INC., | : | |
| *Defendant*. | : | |

## MEMORANDUM

**JONES, II  J.**                                                                                                           **April 8, 2020**

*Pro se* Plaintiff Jonathan Valentin brought this employment discrimination action under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* as well as the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951–963 ("PHRA").  (ECF No. 3.)  He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), a Motion to Appoint Counsel (ECF No. 2), and a Motion that was docketed as a "Motion for Order" (ECF No. 4).  For the reasons set forth below, the Court will deny Plaintiff leave to proceed *in forma pauperis* without prejudice, dismiss his Complaint with leave to amend, deny his Motion to Appoint Counsel without prejudice at this time, and deny his "Motion for Order" without prejudice.

**I.      FACTUAL ALLEGATIONS**

Plaintiff initiated the instant civil action on February 24, 2020 using this Court's form complaint for a plaintiff filing an employment discrimination suit.  As noted above, Plaintiff asserts that he is pursuing claims pursuant to Title VII and the PHRA.  (ECF No. 3 at 1.)[1]  By marking a "1" in the appropriate locations on the form, Plaintiff asserts that the Defendant, TJX

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Companies, Inc., discriminated against him by terminating his employment, failing to stop harassment, and retaliating against him. (*Id.* at 2–3.) Specifically, Plaintiff claims that this discrimination occurred based on his race, national origin, and sex because he is a Hispanic male from Puerto Rico. (*Id.* at 3.) The form complaint next asks Plaintiff to provide the facts of his case. Rather than set forth specific factual allegations regarding the events giving rise to his claims of discrimination, harassment, and retaliation, Plaintiff alleges only that he "was hire[d] through a PA state employment and training agency to work for TJX Companies, Inc." and that during his "first day on the job, [he] began to be harassed by coworkers [who were] also hire[d] through the same, state employment and training agency." (*Id.*) Plaintiff further asserts that he "complain[ed] to management about the ongoing conduct and was fire[d]." (*Id.*)

Plaintiff does not include any additional facts in the Complaint to aid the Court's understanding of the relevant events at issue in this case. He does, however, include a substantial and detailed "Factual Background" in his "Motion for Order." (*See* ECF No. 4 at 12–16, ¶¶ 16–40.) Although these facts were not included in the Complaint, the Court has reviewed Plaintiff's submission in an attempt to understand the events giving rise to his potential claims. It appears that Plaintiff was hired through the Pennsylvania Career Link Center to work for Defendant beginning on or about September 4, 2015. (*Id.* ¶¶ 16–18.) Plaintiff asserts that shortly after he began work on his first day a "black female" coworker "began to harass him using racially [m]otivated slurs such as 'spick' and 'rice eater.'" (*Id.* ¶ 23.) According to Plaintiff, this coworker soon engaged other coworkers to "aid her in her efforts to end [Plaintiff's] [e]mployment." (*Id.* ¶ 24.) Plaintiff claims that he complained to his shift supervisor about the "ongoing daily harassment" for the first time on September 15, 2015. (*Id.* ¶ 26.) He also complained about the conduct of "another black female" coworker and comments

2

she made that created a hostile work environment according to Plaintiff, such as "'I like the way you bend over.'" (*Id.* ¶¶ 27–29.) Plaintiff alleges that he requested a meeting with another shift supervisor regarding this ongoing conduct but that his request was denied. (*Id.* ¶ 30.)

According to Plaintiff, the discrimination and harassment escalated over the following weeks and began coming from management as well as coworkers, both verbally and in writing. (*Id.* ¶¶ 31–33.) Plaintiff claims that at that point, management started to make mention of his "criminal history report" as a way "to discourage him from continuing to move forward" with complaints to management about the discrimination and harassment he faced and to stifle his productivity. (*Id.* ¶¶ 34–37.) After about a month of employment, Plaintiff had his first review, during which his employment was terminated "due to productivity issues." (*Id.* ¶ 38.)

## II. STANDARD OF REVIEW

Although it appears that Plaintiff is incapable of paying the fees to commence this civil action, the Court is unable to grant him leave to proceed *in forma pauperis* at this time because Plaintiff did not sign the affidavit of poverty in support of his application. Plaintiff is reminded that he must sign the affidavit of poverty in support of his application to proceed *in forma pauperis*, which is made under penalty of perjury.[2] *See* 28 U.S.C. § 1746; *see also* 18 U.S.C. § 1621.

Although the Court is unable to grant Plaintiff's request to proceed *in forma pauperis*, the Court may still proceed to evaluate his claims. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir.

---

[2] Federal Rule of Civil Procedure 11 requires unpresented parties to sign their motions and pleadings. Although a signature for Plaintiff appears on the signature line of the affidavit of poverty, that signature appears to be computer generated or automated in some way, and it is not consistent with the signatures Plaintiff provided on his Case Management Track Designation Form (ECF No. 3 at 16), or his Designation Form (ECF No. 3 at 17). Plaintiff should resubmit a new application to proceed *in forma pauperis* and sign it manually.

2019) (en banc) ("a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously"). Accordingly, the Court must screen the Complaint to determine, among other things, whether it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Conclusory allegations do not suffice. *See id.* "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (internal quotation marks omitted). As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *but see Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) ("liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

## III. DISCUSSION

In this case, it is clear that Plaintiff's Complaint fails to state a plausible claim for relief. As the Third Circuit has explained, at its core, Federal Rule of Civil Procedure 8 fundamentally "requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "Under Rule 8(a)(2), a complaint need only contain 'a short

and plain statement of the claim showing that the pleader is entitled to relief.'" *Garrett*, 938 F.3d at 92 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8(d)(1) further requires "that '[e]ach allegation must be simple, concise, and direct.'" *Garrett*, 938 F.3d at 92 (quoting Fed. R. Civ. P. 8(d)(1)). Although a pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue," the important consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 93–94. Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (internal quotation marks omitted).

In this instance, Plaintiff's Complaint fails to meet the minimal burdens imposed by Rule 8 because the Complaint itself does not contain sufficient facts to enable Defendant to respond on the merits or to ensure that the Court is sufficiently informed to determine the relevant issues. Plaintiff has provided several relevant facts in his "Motion for Order," but the Court cannot supplement the Complaint by reading allegations from that filing into the Complaint; the Court can, however, allow Plaintiff to amend the Complaint to correct its deficiencies and include all relevant factual allegations in an amended pleading. Accordingly, Plaintiff will be given the opportunity to file an amended complaint within thirty (30) days that sets forth factual averments in numbered paragraphs to which the Defendant can respond, as prescribed by the Federal Rules of Civil Procedure. Plaintiff may use the Court's form complaint for filing an employment discrimination case if he chooses to do so and may attach as many additional pages as necessary

to articulate his claims and allegations in numbered paragraphs. Any amended complaint filed by Plaintiff must be a complete document that includes all of the bases for Plaintiff's claims. Claims not included in the amended complaint will not be considered part of this case. Thus, when drafting his amended complaint, Plaintiff should be mindful to include all allegations in a single, comprehensive document that encompasses all relevant facts from his initial Complaint and the "Motion for Order" previously filed. In addition, as Plaintiff failed to sign the Complaint in accordance with Federal Rule of Civil Procedure 11, Plaintiff must manually sign any amended complaint rather than merely typing his name on the signature line.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis* without prejudice and dismiss the Complaint. The dismissal will be without prejudice to Plaintiff's right to file an amended complaint in the event he can cure the defects noted above. Plaintiff's Motion to Appoint Counsel will also be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the court should first determine whether the plaintiff's lawsuit has legal merit). Plaintiff may reassert that motion with any amended complaint. The Court will also deny Plaintiff's "Motion for Order" without prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.

---

[3] The use of an electronic signature is only appropriate for documents filed electronically. Documents filed in hard copy must be manually signed.